UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

RYAN CURRIER,
Individually and on behalf of others similarly situated,
        Plaintiff,

 -vs-                                          Case No.
                                               Hon.
                                               **CLASS ACTION COMPLAINT**

VELO LEGAL SERVICES, PLC,
        Defendant.

### COMPLAINT & JURY DEMAND

*Plaintiff, Ryan Currier, individually and on behalf of others similarly situated*

*states the following claims for relief:*

### Introduction

1.      This class action complaint is filed for violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §1692, *et. seq.*, and similar state consumer

protection statutes, which prohibit abusive, deceptive and unfair debt collection

practices.

### Jurisdiction

2.      This court has jurisdiction under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

1

3.  This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

## Venue

4.  The transactions and occurrence which give rise to this action occurred in Oakland County, Michigan.

5.  Venue is proper in the Eastern District of Michigan.

## Parties

6.  The Plaintiff to this lawsuit is Ryan Currier ("Plaintiff" or "Mr. Currier"), a natural person and resident of South Lyon, Michigan 48178.

7.  The Defendant to this lawsuit is Velo Legal Services, PLC ("Velo") which is a domestic professional limited liability company doing business in Michigan.

## General Allegations

8.  Some time prior to September 24, 2015, Oral & Maxillofacial Surgery, P.C. ("OMS") engaged Velo to collect a debt allegedly owed by Plaintiff Ryan Currier; alternatively some time prior to September 24, 2015, Velo purchased a debt previously held by OMS which was allegedly owed by Plaintiff Ryan Currier.

9.  On or about September 24, 2015, Mr. Currier was served with a summons and

complaint. (Ex. 2).

10.     The action was filed in the State of Michigan 52-1 Judicial District Court.

11.     The summons and complaint stated that the Plaintiff to the action was OMS and that OMS was being represented by Velo.

12.     The state court complaint alleged three counts (1-Breach of Contract, 2-Account Stated, 3-Unjust Enrichment) and concluded that judgment should be entered in favor of OMS for the amount of $470.92, "together with post-filing interest, court costs, and statutory attorney fees/taxable costs." (Ex. 2).

13.     The factual basis for this action was amounts allegedly due to OMS for dental services rendered to Mr. Currier's daughter under an express agreement by Mr. Currier.

14.     Mr. Currier did not enter into any express agreement with OMS.

15.     Velo's allegations were facially false, as Mr. Currier had not entered into any such agreement.

16.     Velo's attorneys failed to conduct a reasonable inquiry into the facts set forth in its complaint, and even a modest inquiry would have revealed that Mr. Currier's wife had entered the agreement with OMS.

17.     Velo's attorneys did not engage in any meaningful review of the complaint or its underlying facts before communicating it to the court and Mr. Currier.

3

18.   Sometime after being served with the state court complaint and before retaining counsel, Mr. Currier filed his answer.

19.   After filing his answer, the next correspondence Mr. Currier received from Velo was a letter dated November 18, 2015.  (Ex. 3).

20.   This November 18, 2015 letter was Velo's first communication with Mr. Currier for purposes of 15 U.S.C. § 1692g.

21.   Enclosed with this letter was: 1) a proposed Consent Judgment prepared for Mr. Currier's signature, 2) a monthly financial statement form, and 3) a recurring billing authorization form.

22.   The November 18, 2015 letter was facially misleading because it created a false sense of urgency in stating, "[t]he Consent Judgment is not dependent upon a payment arrangement <u>and if it is not returned, a Default Judgment may be taken against you</u>."  (Ex. 3).

23.   The letter by Velo appeared to be a form letter intended to be sent to all defendants in cases prosecuted by Velo.

24.   The letter falsely stated that a Default Judgment could be taken against Mr. Currier even though Mr. Currier had answered the complaint, and no such action was imminently likely given Mr. Currier's response to the complaint.

25.   Because the letter references Mr. Currier's answer, Velo knew at the time it

sent the letter that the letter was false and misstated the actions that could be taken against Mr. Currier at the time.

26.    The letter falsely stated that a consequence of failing to return the proposed consent judgment was the imposition of a default judgment.

27.    These representations by Velo materially misstated Mr. Currier's rights and the possible outcomes of refusing to return the proposed judgment.

## Practices and Policies of Defendant

28.    Mr. Currier incorporates the preceeding allegations by reference.

29.    It is the common policy and practice of Velo to send letters to debt collection defendants following receipt of an answer from those defendants.

30.    It is the common policy and practice of Velo to inform these same defendants that "[t]he Consent Judgment is not dependent upon a payment arrangement and if it is not returned, a Default Judgment may be taken against you."

31.     It is the common policy and practice of Velo to take legal action against alleged debtors and coerce them to sign consent judgments through the use of misleading and deceptive language in letters Velo sends.

## Class Allegations

32.    Mr. Currier incorporates the preceeding allegations by reference.

5

33.    Velo systematically misleads debtors into signing consent judgments through language printed on their form letters.

34.    Mr. Currier brings this action on behalf of himself and a class of all other persons similarly situated, pursuant to Fed.R.Civ.P. 23.

35.    Mr. Currier proposes to represent the following classes:

a.    *Class 1 for Relief under the Fair Debt Collection Practices Act* - (I) All natural persons in the state of Michigan who: (i) were sued by Defendant Velo on consumer debts within the preceding year and answered Velo's complaint; and to whom (ii) Defendant Velo sent a letter, with an attached Consent Judgment prepared for the class members' signature, stating: "[t]he Consent Judgment is not dependant upon a payment arrangement and if it is not returned, a Default Judgment may be taken against you", or language of substantially similar import.

b.    *Class 2 for Relief Under the Michigan Regulation of Collection Practices Act* - (I) All natural persons in the state of Michigan who: (i) were sued by Defendant Velo on consumer debts within the preceding six years and answered Velo's complaint; and to whom (ii) Defendant Velo sent a letter, with an attached Consent Judgment prepared for the class members' signature, stating: "[t]he Consent Judgment is not

6

dependant upon a payment arrangement and if it is not returned, a Default Judgment may be taken against you", or language of substantially similar import.

36. The class of persons to be represented are so numerous that joinder of all members is impractical.

37. This complaint seeks monetary damages under Fed.R.Civ.P. 23(b).

38. There are questions of law and fact which are common to all members of the class, which predominate over any question affecting only individual class members.

39. Mr. Currier 's claims are typical of the claims of the class members and all are based on the same legal and remedial theories.

40. Mr. Currier will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein. Specifically:

a.   Mr. Currier has no adverse interest to the class.

b.   Mr. Currier has retained counsel who is experienced in handling class actions and litigation under various Federal Consumer Credit Protection Acts.

c.   Mr. Currier has suffered similar injuries to the members of the class he

seeks to represent through this action.

d.  Neither Mr. Currier nor his counsel have any interests which may cause them to not vigorously pursue this action.

41.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42.  Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a.  The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy because no individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Defendant because the claim amounts are likely small, and because management of these claims will likely present few difficulties.

43.  There is no impediment to certification of the classes to be represented.

## COUNT  I – Fair Debt Collection Practices Act

44.  Mr.  Currier incorporates the preceding allegations by reference.

45.  At all relevant times, Velo – in the ordinary course of its business – regularly

8

engaged in the practice of collecting debts on behalf of other individuals or entities.

46.    Velo is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

47.    Mr. Currier and the class members are "consumers" under the FDCPA, 15 U.S.C. §1692a(3).

48.    At all times relevant to this complaint, Velo sought to collect "consumer" debts from Mr. Currier and the class.

49.    Velo's actions to collect this alleged debt from Mr. Currier and the class violated the provisions of the FDCPA including, but not limited to, the following: 15 U.S.C. § 1692e and 1692f.

50.    Mr. Currier, and those similarly situated, suffered damages as a result of these violations of the FDCPA.

## COUNT  II – Michigan Regulation of Collection Practices Act

51.    Mr. Currier incorporates the preceding allegations by reference.

52.    Velo is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g).

53.    Velo 's actions to collect from Mr. Currier violated the MCPA including, but not limited to, the following:  M.C.L. § 445.252.

54.    Mr. Currier, and those similarly situated, suffered damages as a result of these

violations of the MCPA.

55.     These violations of the MCPA were willful.

## **Demand for Jury Trial**

56.     Mr. Currier demands trial by jury in this action.

## **Request for Relief**

57.     *WHEREFORE, Mr. Currier, on his own behalf and on behalf of the members of the Class, requests that this Honorable Court grant the following relief:*

    *a.     Certify the proposed Class;*

    *b.     Appoint Mr. Currier as representative of the Class;*

    *c.     Appoint the undersigned counsel as counsel for the Class;*

    *d.     Award Plaintiff and the Class damages, as allowed by law;*

    *e.     Award statutory costs and attorney fees;*

    *f.     Any other relief as the Court deems necessary, just and proper.*

Respectfully Submitted,


By:  s/ Michael J. Bonvolanta
Michael J. Bonvolanta (P-80038)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Ryan Currier
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
MichaelB@MichiganConsumerLaw.Com


Ian Lyngklip (P-47173)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Ryan Currier
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Ian@MichiganConsumerLaw.Com




Dated: March 23, 2016